E-FILED
Monday, 19 October, 2026 02:43:37 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CHET SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:26-cv-01031-SEM-DJQ |
| | ) | |
| LATOYA HUGHES, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, in prison at Danville Correctional Center, formerly in prison at Illinois River Correctional Center, asserts claims arising from his time at Illinois River.

The case is before the Court for a merit review of Plaintiff's complaint. The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**Defendants**

Plaintiff names as Defendants IDOC Director Latoya Hughes, ARB employee Paige Long, Grievance Officer Kellie Dennis, Correctional Counselor Jason Ballard, Administrator of the HCU Casey, Director of Nurses Tate, Dr. Gomez (identified as a Nurse Practitioner in the medical records Plaintiff provided), Grievance Officer Lynette Boughan, and Warden Chance Jones.

**Factual Allegations**

Plaintiff broadly alleges that he did not receive adequate medical care for wide range of conditions during his time at Illinois River.

Plaintiff suffers from allergies, asthma, high blood pressure, and chronic back, shoulder, and foot pain which are caused by arthritis and flat feet.

"Total disregard" for Plaintiff's medical conditions has caused him to experience sore throat, constant headache, high blood pressure, breathing difficulties, eye irritation, loss of sleep and injuries from falling while trying to get on and off his top bunk. Plaintiff's allegations of "total disregard" are undermined by the 90 pages of documents he attaches to his complaint, which document extensive interactions with healthcare providers at Illinois River.

**Foot pain.** Plaintiff experienced inadequate treatment for his significant foot and shoulder pain, from late 2024 through late 2025. The one individual Defendant Plaintiff specifically alleges to have provided improper treatment in this regard is Defendant Gomez, who refused to provide adequate care for these conditions on July 2, 2025, including refusing to assess Plaintiff's feet. He was seen a number of times by nursing staff regarding his complaints of foot pain and was prescribed pain medication.

**Prescription refills.** Plaintiff often did not receive timely prescription refills. He filed a number of medical requests related to this issue, for which he would be placed on sick call.

**Low bunk permit.** Plaintiff requested a low bunk permit but was not provided one. He does not identify who he made the request to, nor who he seeks to hold responsible.

**Dental treatment.** Plaintiff initially declined dental treatment (in fall 2024) because he thought he would be released from prison soon. His teeth began to hurt in July 2025, so he requested dental treatment. A dentist saw him a month later and told Plaintiff he had six cavities. Plaintiff was not seen in the ensuing three months, and at that point he filed a grievance about the issue with dental care and was told that he was on the list to be seen.

**Eye care.** Plaintiff did not receive an annual examination for his astigmatism, was unable to receive eye drops without an eye doctor's prescription.

**Poor ventilation and smoke.** Inmates smoking paper laced with opioids caused Plaintiff ongoing problems. Plaintiff filed a grievance about this at an unspecified time. The smoke caused Plaintiff's asthma to flare up. Prison vents were also dusty.

**Application**

**Grievance handlers.** Plaintiff's allegations do not state a claim regarding the processing and ultimate denial of his grievances, nor

does his grievance activity provide traction for a claim against non-medical prison administrators.

"If a prisoner is under the care of medical experts … a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Giles v. Godinez*, 914 F.3d 1040, 1049 (7th Cir. 2019) (quoting *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005)); *Adams v. Reagle*, 91 F.4th 880, 894-95 (7th Cir. 2024), *cert. denied sub nom. Adams v. Arnold*, 146 S. Ct. 295 (2025) (applying *Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009)); *see also Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (no substantive rights in prison grievance process).

Plaintiff was under the care of medical providers at the prison and was seen repeatedly by nurses, a nurse practitioner, a physician, and a dentist. He was repeatedly seen, diagnostic tests were ordered, and he was prescribed medication. This summary of events is not meant to indicate that the care Plaintiff was receiving was in fact constitutionally adequate care; but where medical staff are providing care to an individual in custody, and the treatment is not blatantly inappropriate, other prison officials are entitled to leave the specifics of the medical care to the medical professionals

without incurring liability for performing their specified job duties related to processing grievances.

**Personal involvement.** The remainder of Plaintiff's allegations, including those related to air quality, a low bunk permit, dental treatment, and eye care, are not sufficiently specific to put any individual Defendant on notice of what they are alleged to have done wrong. Claims in these categories are dismissed because they do not state a claim.

**Medical care.** Plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Gomez (regarding foot pain care) and Tate (regarding pain care and prescription refills).

These Defendants are plausibly alleged to have knowingly denied Plaintiff certain needed medical care. Plaintiff alleges knowledge, personal involvement, and lack of constitutionally adequate response by Defendant Gomez regarding treating Plaintiff's foot pain, and against Director of Nursing Tate as to 1) his pain treatment, and 2) his repeatedly running out of prescriptions including blood pressure medicine and pain medicine. These

allegations state a plausible Eighth Amendment claim. *See Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016) (en banc).

IT IS THEREFORE ORDERED:

1. **Plaintiff states an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Gomez (regarding foot pain care) and Tate (regarding pain care and prescription refills). Clerk is to terminate Defendants Hughes, Long, Dennis, Ballard, Casey, Boughan, and Jones. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

2. **This case is now in the process of service. Plaintiff does not proceed in forma pauperis and has on three or more occasions had a lawsuit dismissed and so is barred from so proceeding pursuant to 28 U.S.C. 1915(g) unless he is in imminent danger of serious physical harm due to the allegations in the suit. Plaintiff is not in imminent danger here as he is no longer under the care of the Defendants to this suit, but rather is at a different prison. As such, Plaintiff is responsible for effecting service in this lawsuit pursuant to Federal Rule of Civil Procedure 4. He has 90 days to do so. If he does not effect timely service this lawsuit must be dismissed.**

3. **After the defendants have been served and have answered, the court will enter an order setting discovery and dispositive motion deadlines.**

4. **This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, discovery**

**requests and responses are NOT filed with the clerk. Plaintiff must mail discovery requests and responses directly to counsel for the appropriate defendant. Discovery requests or responses sent to the clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until the court has entered a scheduling order, which will explain the discovery process in more detail.**

5. **Counsel for the defendants is hereby granted leave to depose the plaintiff. Counsel for the defendants shall arrange the time for the deposition.**

6. **The plaintiff shall immediately notify the court, in writing, of any change in mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit.**

7. **The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Entered October 19, 2026.

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE